Filed 6/7/13  P. v. Samaniego CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JOSE ALBERTO SAMANIEGO,<br><br>　　Defendant and Appellant. | G047097<br><br>(Super. Ct. No. 10HF1606)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James A. Stotler , Judge.  Affirmed.

Robert L.S. Angres for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Theodore M. Cropley, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　　\*　　　　　\*

Jose Alberto Samaniego argues that the trial judge should have told the jury that one of the charges against him, digital penetration of his stepdaughter in violation of Penal Code section 288.7,[1] is a specific intent crime requiring, in addition to the act of penetration, the purpose of sexual abuse, arousal or gratification. But the trial judge *did* instruct the jury the penetration count required the purpose of sexual abuse, arousal or gratification. He only misclassified the penetration count as a general intent crime, not a specific intent crime. The error, such as it was, was de minimis, and easily harmless beyond a reasonable doubt under the *Chapman* standard.[2] We affirm the judgment.

## FACTS

Samaniego was convicted of two counts arising out of the sexual molestation of his six-year-old stepdaughter on the night of September 2, 2010. Count one was violation of section 288.7, subdivision (b), sexual penetration of a child 10 years of age or younger. Count two was violation of section 288, subdivision (a), lewd or lascivious act upon the body of a child under the age of 14 years. Samaniego admitted to touching the victim's genital area, but denied any penetration. Trial was solely focused on count one, the sexual penetration count.

At trial, the victim, then age seven, described the molestations. Samaniego's fingers went "inside" the "lip areas" of her genitals; Samaniego's fingers went "up and down in that area" or "kind of up and down" for "a little long," and it hurt. She further said his fingers "mov[ed] around" "on the skin of [her] vagina." Samaniego's fingers felt "gooey."

---

[1] All statutory references are to the Penal Code.

[2] There are two standards by which to judge whether error in a criminal trial is harmless, the "*Watson*" standard of reasonable probability of a different result (*People v. Watson* (1956) 46 Cal.2d 818, 835-836) and the stricter "*Chapman*" standard of harmless beyond a reasonable doubt (see *Chapman v. California* (1967) 386 U.S. 18, 24).

The victim also said Samaniego's fingers went "inside the butthole" She said it also felt "like gooey." And it also hurt. The total time was "a little long," which she estimated to be "two minutes or one."

On cross-examination, however, the victim admitted that at an indefinite point "earlier" she had told the prosecutor that Samaniego's finger "did not . . . [¶] actually go inside [her] vagina."

Samaniego's DNA (probably from saliva) was found inside the victim's underwear. Expert testimony established that it could have come from his licking his fingers. Samaniego's DNA, however, was not found on the victim's genitals.

The jury convicted Samaniego on both the penetration and the lewd act counts. The jury also found true Samaniego engaged in "substantial sexual conduct" with his victim, making him ineligible for parole. (§ 1203.066, subd. (a)(8).) Samaniego was sentenced to 15 years to life for the penetration count, with punishment stayed (see § 654) on the lewd or lascivious act count.

## DISCUSSION

On appeal, Samaniego raises but one issue. He argues that the trial court erred in instructing the jury, as part of CALCRIM No. 252, that sexual penetration as alleged in count 1 was a "general intent crime." Sexual penetration, he asserts, is actually a specific intent crime requiring sexual abuse, arousal or gratification. (On that point he is correct, see *People v. McCoy* (2013) 215 Cal.App.4th 1510, 1538 ["we conclude the crime of unlawful sexual penetration requires the specific intent to gain sexual arousal or gratification or to inflict abuse on the victim"].)[3] The error, he says, was prejudicial.

---

[3] Even so, it is easy to see why the judge instructed the jury as he did. Unlike many standardized jury instructions, CALCRIM No. 252 requires the trial court to do considerable filling in of blanks, including telling the jury which alleged offenses are general intent crimes and which are specific intent crimes. (See 1 Jud. Council of Cal. Crim. Jury Instns. No. 252 CALCRIM (2013) p. 81.) Here, it is obvious what happened: The judge looked at the crime of sexual penetration of a child under 10 as written in section 288.7, saw in that particular statute no reference specific to the further purpose of sexual abuse, arousal or gratification, didn't focus on the cross-reference to section 289, and simply slotted count one into the general intent blank in CALCRIM No. 252.

In point of fact, however, the trial judge actually did tell the jury the sexual penetration count required it find Samaniego had the additional purpose of sexual abuse, arousal or gratification. In the present case, CALCRIM No. 252, as given, specifically directs jurors to look to the "instruction for that crime or allegation" to ascertain the act "required" to convict. And, soon after the trial judge gave CALCRIM No. 252, he also told the jury, in language substantively tracking section 289, subdivision (k)(1): "'Sexual penetration means penetration, however slight, of the genital or anal opening of the other person by any foreign object, substance, instrument, device or by any unknown object *for the purpose of sexual abuse, arousal, or gratification*.'" (Italics added.)[4]

Any claim of instructional error requires examination of the jury instructions as a whole. (E.g., *People v. Dieguez* (2001) 89 Cal.App.4th 266, 276 ["In reviewing any claim of instructional error, we must consider the jury instructions as a whole, and not judge a single jury instruction in artificial isolation out of the context of the charge and the entire trial record."].) Jurors are also presumed to be sufficiently capable of "'correlating'" all jury instructions given. (*People v. Richardson* (2008) 43 Cal.4th 959, 1028.) Since the jury was actually told sexual penetration must have the purpose of sexual abuse, arousal or gratification, there was no danger Samaniego could have been convicted for lewd touching of his stepdaughter's genitals and anus absent a sexual purpose.

Samaniego is thus left with only the arid, academic misclassification of sexual penetration under section 288.7 as a general intent rather than a specific intent

---

[4]     He further told the jury Samaniego's fingers could qualify as a "'foreign object, substance, instrument, or device.'"

crime within the verbiage of CALCRIM No. 252.[5] The misclassification was harmless beyond a reasonable doubt.

Samaniego's argument for prejudicial error goes like this: Given the erroneous misclassification of the penetration count as a general intent crime, it is possible some jurors might have found any penetration of the victim's vagina or anus was merely "ancillary" to the lewd touching, and not done for the purpose of sexual abuse, arousal or gratification.[6]

The argument fails because of the undisputed evidence that if Samaniego penetrated the victim, he did so with "gooey" fingers and left saliva in her underwear – the reasonable inference is that Samaniego was using his saliva as a crude lubricant to penetrate his victim, i.e., he had a sexual purpose from the beginning. The argument also fails because the evidence was undisputed that Samaniego's touching was done long enough and vigorously enough to cause real pain, which undercuts any thought of "superficial" touching with no sexual purpose. And it also fails because the undisputed evidence showed Samaniego moved his fingers in a sexual and deliberate way ("kind of up and down" and moved "around"), again wholly belying any claim of mere superficial or ancillary "touching" without a sexual purpose.

We would finally add that Samaniego overstates the possibility of the

---

[5] The difference between general intent crimes and specific intent crimes is one which many law school graduates would find troublesome. After all, don't most crimes (save for a few public safety offenses) require some kind of intent? (§ 20 ["To constitute crime there must be unity of act and intent. In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence."]; see *People v. Simon* (1995) 9 Cal.4th 493, 519-520 [exploring comparatively few public health or safety exceptions to general requirement of mens rea].) As our Supreme Court observed more than 40 years ago, "Specific and general intent have been notoriously difficult terms to define and apply, and a number of textwriters recommend that they be abandoned altogether." (*People v. Hood* (1969) 1 Cal.3d 444, 456.) It is inconceivable this jury's verdict involved close parsing of the distinction between general intent and specific intent rather than the plain language of the instruction about what form that intent had to take.

[6] The argument is probably best articulated in the reply brief: "[W]hat respondent [the Attorney General] fails to consider is that since there was conflicting evidence as to whether appellant's finger actually penetrated K.'s vagina (e.g., 1 RT 135) and since the physical evidence of penetration was far from conclusive (e.g., 2 RT 400-404), a juror could have reached a middle ground – appellant superficially penetrated K. ever so slightly as part of his effort to touch her outer body, but not specifically for the purpose of sexual abuse, arousal or gratification."

*absence* of penetration. The sole record reference he gives us for the proposition there was conflicting evidence of actual digital penetration (page 135 of the reporter's transcript) only shows an absence of penetration of the victim's *vagina*, not any conflict as to penetration. As the court pointed out in *People v. Quintana* (2001) 89 Cal.App.4th 1362, penetration need not even include the vagina at all; any penetration "inside the exterior of the labia majora" is sufficient. (*Id*. at p. 1371.) No reasonable juror could have reached some hypothetical "middle ground" of touching without a sexual purpose; all the evidence pointed to deliberate penetration for a sexual purpose.

DEPOSITION

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

6